FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ARREDONDO,<br><br>Defendant. | No. 1:24-CR-02027-SAB-28<br><br>ORDER DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 1225** |

On Wednesday, October 29, 2025, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 1225). Defendant was represented by court-appointed attorney Peter Mazzone. Assistant United States Attorney Benjamin Seal represented the United States.

Defendant requests that the Court remove Special Condition No. 5 which imposes GPS location monitoring and modify Special Condition No. 6 to impose a curfew rather than home detention. ECF Nos. 851, 1225. However, United States Probation/Pretrial Services requires GPS location monitoring to supervise curfew compliance, so the Court treats Defendant's request as a request to reduce home detention to a curfew while retaining GPS location monitoring.

The United States has no objection to Defendant's request, but United States Probation/Pretrial Services objects because Defendant has not been proactive with

ORDER - 1

submitting requests to attend essential activities outside of his home. Instead, Defendant's probation officer reports that Defendant consistently waits until the last minute to contact him to request approval to leave his home. While Defendant asserts that he often cannot provide more advanced notice of his need to leave the home due to, for example, learning last minute that he has an employment opportunity, Defendant's probation officer reports that he has given Defendant leeway to submit requests, and Defendant has still maintained that behavior.

Defendant's consistent failure to comply with his probation officer's request for Defendant to provide more timely notice of his requests to leave the home is more significant when considered with Defendant's history. Defendant was first released in April 2024 on pretrial release conditions including stand-alone GPS location monitoring. ECF Nos. 16, 30, Case No. 24-CR-2031-MKD. Then in July 2024, after being alleged to have tampered with his GPS unit, Defendant's location monitoring was increased to home detention. ECF No. 37, Case No. 24-CR-2031-MKD. Because Defendant's GPS condition was poorly written in the Court's order and did not explicitly forbid tampering with the unit, Defendant was given the benefit of remaining out of custody, despite the fact that the Court did not believe Defendant's story that the GPS unit had not been tampered with and instead merely malfunctioned.

ORDER - 2

1    Later, in October 2024, the Court decreased Defendant's location monitoring
2  to a curfew due to his compliance.  ECF No. 42, Case No. 24-CR-2031-MKD.  But
3  shortly after his level of monitoring was lowered, in November 2024, Defendant
4  was arrested and charged with driving under the influence, hit and run attended
5  vehicle, hit and run unattended property, and obstruction of law enforcement.  ECF
6  No. 845.  The Court initially revoked Defendant's pretrial release, ECF No. 841,
7  but Defendant later received another chance when the Court released him less than
8  two weeks later on conditions of release, including placing him back on home
9  detention rather than a curfew.  ECF No. 851.
10   Now, Defendant requests that the Court lessen his level of GPS location
11  monitoring again, but Defendant's record of compliance thus far demonstrates that
12  he struggles when given more freedom.  Thus, without the support of Defendant's
13  probation officer, the Court will not lower Defendant's level of GPS location
14  monitoring.  However, should Defendant demonstrate more responsibility by
15  submitting location requests to his probation officer in a timely manner and
16  securing employment, and should Defendant's probation officer agree with
17  replacing home detention with a curfew, Defendant may submit a renewed motion,
18  and the Court will grant it without oral argument.
19  \\
20  \\

ORDER - 3

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 1225**) is **DENIED WITH LEAVE TO RENEW**.

**IT IS SO ORDERED.**

DATED October 30, 2025.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4